UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAN GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-0955 |
| ) | JUDGE ECHOLS |
| WESTWOOD PROPERTY ) | MAGISTRATE JUDGE GRIFFIN |
| MANAGEMENT, LLC a/k/a ) | |
| WESTWOOD MANAGEMENT, LLC, ) | |
| ROBERT BLAIR and JUDY BLAIR, ) | |
| ) | |
| Defendants. ) | |

**CONSENT PRIVACY PROTECTIVE ORDER**

For the purpose of protecting the privacy of employees and former employees against the unreasonable and unprotected disclosure of information pertaining to them, it is hereby ORDERED pursuant Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Order applies to, governs, and directs the disclosure in the course of this action, under the Federal Rules of Civil Procedure, of all records that contain personal information regarding individuals other than Plaintiff and which are encompassed by the Federal Rules requiring disclosure or are reasonably necessary or useful to respond to the Plaintiff's formal discovery. However, this Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than personal privacy. This Order permits Defendants to meet their disclosure and discovery obligations by disclosing

to Plaintiff or Plaintiff's attorney those files and documents, or information from those files and documents, reasonably calculated to fulfill those obligations without requiring Defendants to pre-screen each document for privacy objections and present those objections to this Court for a decision regarding disclosure. This Order specifically applies to paycheck and payroll information of the following former employees of Defendant Westwood Property Management LLC: Joe May, Duane Blackmon, Billy Terry, and Kenny Clayton.

2. The records or the information obtained from those records shall be disclosed by Defendants only to Plaintiff and/or his attorney. Plaintiff and/or his attorney shall be allowed to copy any such records but shall not disclose them or any information obtained from them to any person unless such disclosure is reasonably calculated in good faith to aid the preparation or prosecution of litigation against defendant. In the event of such disclosure, Plaintiff and/or Plaintiff's attorney shall delete confidential identifying information, such as social security numbers. Plaintiff and/or his attorney shall ensure that any person to whom disclosure may be made shall, prior to such disclosure, be informed of the terms of this Order. Any person to whom such disclosure is made and who is aware of this Order shall be bound by the terms of this Order.

3. No person to whom a record covered by this Order is disclosed by Plaintiff or Plaintiff's attorney shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither Plaintiff, his attorney, nor any individual to whom they make disclosure shall disclose a record

2

covered under this Order and information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation.

4. Upon conclusion of this action (including appeals), all records or copies of records (except copies of documents accepted into evidence) secured from the Defendants and protected by the terms of this Order shall within a reasonable period either be returned to Defendants or destroyed by Plaintiff, except that counsel for plaintiff shall be allowed to retain a copy of such records in counsel's professional file.

5. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction, nor does the Order constitute a waiver by Defendants of their right to object to the discovery of or admission into evidence of any record or information subject to this Order. By consenting to this Order, neither party waives any of its positions respecting either the facts or the law applicable to this litigation.

                                               Juliet Griffin
                                               UNITED STATES MAGISTATE JUDGE

APPROVED FOR ENTRY:


s/ Stafford McNamee, Jr.
Stafford McNamee, Jr.
Hooper, Zinn, McNamee
109 Westpark Drive, Suite 300
Brentwood, Tennessee 37027
Attorney for plaintiff



Wade B. Cowan (#9403)
Suite 225, 150 Second Avenue North
Nashville, Tennessee 37201
(615) 256-8125
wcowan@dhhrplc.com
Attorney for defendants