UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAN GREENE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:07-0955 |
| | )    Judge Echols |
| WESTWOOD PROPERTY MANAGEMENT, | ) |
| LLC a/k/a WESTWOOD MANAGEMENT, | ) |
| LLC, ROBERT BLAIR and JUDY BLAIR, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM

In this case, Plaintiff Jan T. Greene made claims for unpaid overtime compensation and unlawful retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and claims for breach of contract based on what he argued were a failure to pay him an agreed-upon salary, unauthorized deductions from his paycheck, and unpaid commissions. The Court held a bench trial on Plaintiff's claims from December 16-19, 2008.

On May 12, 2009, the Court entered Findings of Fact and Conclusions of Law (Docket Entry No. 44), and an Order and Final Judgment (Docket Entry No. 45). Plaintiff was awarded $6,072.67 in unpaid overtime compensation under the FLSA, a like amount as liquidated damages, and post-judgment interest under 28 U.S.C. § 1961. Defendants Robert Blair and Westwood Property Management, LLC a/k/a Westwood Management LLC were found to be jointly and severally liable for the award, but the claims against Defendant Judy K. Blair were dismissed because the Court found that she was not an employer for purposes of the FLSA. The Court also determined that the

1

evidence did not support an award of damages for Plaintiff's non-FLSA claims, including his claim for breach of contract, unauthorized deductions and unpaid commissions.

Plaintiff has now filed a "Motion for Attorney Fees and Expenses" (Docket Entry No. 4) requesting $50,000 in such fees and expenses. Defendant objects, arguing that an appropriate award of fees and expenses should be "no more than $31,250[.]" (Docket Entry No. 51 at 2).

## I. DISCUSSION

Under the FLSA, "the court in such actions shall, in addition to any judgment awarded to the plaintiff or the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action." 29 U.S.C. § 216(b). "[A]n award of attorney fees under § 216(b) is mandatory but the amount awarded is within the discretion of the district court." United Slate Local 307 v. G & M Roofing and Sheet Metal Co., 732 F.2d 495, 501 (6th Cir. 1984). "The purpose of the FLSA attorney's fees provision is to 'insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances,'" and, therefore, "'[c]ourts should not place an undue emphasis on the amount of plaintiff's recovery[.]'" Farmer v. Ottawa County, 200 WL 420698 at *7 (6th Cir. 2000)(citations omitted).

The FLSA does not define what constitutes a reasonable fee, nor how fee determinations should be made. The Sixth Circuit has offered the following guidance:

> . . . Attorney's fees must be set in an amount that is "reasonable," 29 U.S.C. § 216(b), and in recent times the starting point has been a "lodestar" calculation-the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate. See Adcock-Ladd, 227 F.3d at 349. That amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case.
> 
> The Supreme Court has given guidance on the extent to which a fee should be adjusted when a plaintiff wins on some claims and loses on others. See Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). First, it is necessary to see whether the claims on which the plaintiff won and the claims on which the

2

plaintiff lost are related. If they employ "a common core of facts or [are] based on related legal theories," id. at 435, 103 S.Ct. 1933, the court should consider "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The Supreme Court noted that there was no "precise formula" for determining a reasonable fee, id. at 436-37, 103 S.Ct. 1933, and stressed the district court's discretion in this area, id. at 437, 103 S.Ct. 1933, but it specifically rejected a "mathematical approach" that compared the number of issues on which the plaintiff prevailed to the total number of issues in the case, finding that such an approach was not helpful in setting a reasonable fee. Id. at 435 n. 11, 103 S.Ct. 1933. The Court noted that litigants often raise alternative grounds and that rejection of some of those grounds should not lead to a reduced fee if the plaintiff has been successful. Id. at 435, 103 S.Ct. 1933. The Sixth Circuit has followed suit in finding that attorney's fees should not be reduced by the ratio of successful claims to claims overall. See Phelan, 8 F.3d at 374 (6th Cir.1993).

Moore v. Freeman, 355 F.3d 558, 565-566 (6th Cir. 2004).

In this case, counsel for Plaintiff indicates that Plaintiff incurred $125,892.00 in attorney fees, plus additional expenses of $514.91 for a total of $126, 406.91, but readily acknowledges that this amount is "excessive" and that a reasonable fee given the complexities of the case and the results obtained is $50,000. (Docket Entry No. 46-1 at 12). The Court finds this to be reasonable.[1]

Plaintiff's counsel, Stafford McNammee, Jr., has practiced law in Tennessee since 1973 and has a great deal of experience in employment related matters. In 2006, when counsel first began representing Plaintiff, his hourly rate was $280.00, but that rate increased to $300.00 per hour in 2007, and $320.00 per hour in 2008, where it remains. (McNammee Aff. ¶ 4). Defendants do not object to the hourly rates of Plaintiff's counsel and the Court finds them to be reasonable and in keeping with the prevailing hourly rates of counsel with similar backgrounds and experience.

---

[1] Plaintiff's request includes $514.91 in expenses which were not included in the $2,596.31 in recoverable costs assessed by the Clerk. (Docket Entry No. 48). Plaintiff does not indicate what those expenses include. However, this is not significant since the Court finds that Plaintiff should be awarded $50,000 in attorney's fees alone.

3

Turning to the amount of hours spent on this case, Plaintiff claims that counsel spent 399.9 hours, giving him an overall average hourly rate of $315 for the course of the litigation. In seeking $50,000, Plaintiff's counsel is effectively requesting compensation for 158.7 hours, or an approximately 60% reduction in the number of hours actually spent by counsel on the case. Defendants argue that a more appropriate reduction would be 75%. The Court finds this to be too significant and the self-imposed 60% reduction by Plaintiff's counsel is more than sufficient to account for time expended on unsuccessful claims and any excessive billing.

In seeking a further reduction in Plaintiff's fee request, Defendants raise two principal arguments which, to some extent, overlap. First, they claim that Plaintiff's fees should be reduced to account for the fact that several of his claims were unsuccessful. Next, Defendants argue that the time records of counsel are not precise, making it difficult to determine which hours were reasonable in relation to Plaintiff's successful claims and that some entries suggest a number of hours which are unreasonable on their face.

Defendants argue that "[t]he unsuccessful claims in this case were 'distinct in all respects from' plaintiff's successful claims." (Docket Entry No .51 at 4). The Court disagrees as there was some interplay and overlap between successful and unsuccessful claims.

For example, Plaintiff did not prevail on his claim against Judy Blair, but most assuredly that claim was an FLSA claim and involved an attempt to prove that she was an "employer," with the need for findings on the structure of Westwood Properties which were also critical to Plaintiff's unpaid overtime claim. Plaintiff also unsuccessfully claimed his termination was in retaliation for his exercise of rights under the FLSA. While Defendant argues this claim required "extensive evidence of the entirety of Plaintiff's work history with Westwood Property," (Docket Entry No. 51

4

at 4), at least some of that same evidence was also relevant and necessary to establish critical components of Plaintiff's overtime claim under the FLSA, including whether Plaintiff worked in a management or bona fide administrative capacity with a subsidiary question being whether he actually worked as a "Project Manager/Lead Maintenance Technician." Analysis of the day-to-day activities of Plaintiff was essential for findings not only in relation to the retaliation claim, but also the overtime claim on which Plaintiff prevailed. Plaintiff's daily activities also played a role in this Court's determination of willfulness and the issue of liquidated damages, with the Court being required to assess Plaintiff's actual job duties, Defendant Blair's knowledge of the same, and compare those duties to other maintenance workers at Westwood Properties.

Plaintiff's use and misuse of company gas and fuel cards and the parties' various discussions about salaries and increases also played a role in calculating not only Plaintiff's base pay, but also what the agreed upon salary was supposed to be (such as whether it was to include the $200 monthly gas allowance), whether Plaintiff actually received his salary increases, and proper overtime. This was complicated by the fact that payroll records and Wage and Tax Statements did not jibe.

Further, the trial of this case was extended not simply because of Plaintiff's unsuccessful claims, but also because of the lack of documentation, the convoluted nature of some of the documents, and the questionable authenticity of some documents proffered by Defendants. For example, Defendants contended that the Bi-Monthly Time Reports were supposed to contain all of the hours worked by the employees, but it is readily apparent and obvious that they did not in fact capture all of the hours worked as thoroughly explained in this Court's Findings of Fact (Docket Entry No. 44, ¶¶ 45-50). A more accurate accounting was contained in the Work Orders which were filled out by the employees and submitted to Defendants for billing purposes, but those records were

5

supposedly destroyed during the normal course of business, a practice which this Court found "illogical."

Contrary to Defendants' suggestion, merely because Plaintiff was unsuccessful on some claims does not mean that his request for fees must be reduced because of that lack of success. "Where, as here, the claims are related, the fact that some claims ultimately fail while others succeed is not reason to reduce the fee award" and it is the trial court, particularly after it has conducted a bench trial in the matter, "to determine whether counsel's billable hours could be divided on a claim by claim basis." Dowling v. Litton Loan Servicing, LP, 2009 WL 961124 at *4 (6th Cir. 2009).

True, "the award of attorney's fees must still be proportional to [Plaintiff's] recovery," but "[i]n determining what is proportional, courts should not employ a strict "'mathematical approach,'" but instead "'look at the degree of plaintiff's overall success.'" Id. at *5 (citation omitted). As the Sixth Circuit has explained:

> [L]itigation is not an "exact science": Lawyers cannot preordain which claims will carry the day and which will be treated less favorably. Good lawyering as well as ethical compliance often requires lawyers to plead in the alternative (see Goos v. Nat'l Ass'n of Realtors, 68 F.3d 1380, 1386 (D.C.Cir.1995)). Fee awards comport with that reality by giving full credit to a meaningfully successful plaintiff, rather than making a mechanical per-losing-claim deduction from an attorney's fee award (Hensley, 461 U.S. at 435, 103 S.Ct. 1933).

Jordan v. City of Cleveland, 464 F.3d 584, 604 (6th Cir. 2006). In short, "'[t]he result is what matters." DiLaura v. Twp. of Ann Arbor, 471 F.3d 666, 672 (6th Cir. 2006)(citation omitted).

In this case, Plaintiff was extremely successful. He proved his predominant claim that Defendants Westwood Properties and Robert Blair violated the FLSA and that said violations were willful. An award of $50,000 for the successful prosecution of these claims through filing, discovery, a four day trial, post-trial proposed findings, and a fee petition is reasonable. Compare,

Barrett v. Detroit Heading, LLC, 311 Fed. Appx. 779 (6th Cir. 2009)(award of $46,257.00 in attorneys fees in FMLA case after four-day jury trial even though individual defendant was found not liable); Liner v. Hospital Service Dist. No. 1, 230 Fed. Appx. 361 (5th Cir. 2007)(attorney's fee award of $87,640 in disability discrimination case after four day trial, even though several of plaintiff's claims had been dismissed by directed verdict); Ralphs Grocery Co. v. Wyatt, 65 Fed. Appx. 589 (9th Cir. 2003)($32,455.09 attorney fee award in ADA case, even though plaintiff was only awarded $1.00 in compensatory damages and $1,000 in statutory damages after one-day bench trial); Campos v. City of Blue Springs, 289 F.3d 546 (8th Cir. 2002)($79,238.70 attorney fee award in Title VII case tried over four days, even through law firm seeking fees did not enter case until after discovery was completed).

Defendants also argue that Plaintiff's fee request should be further reduced because counsel did not segregate the time spent between successful and unsuccessful claims. Defendants also argue that some entries, such as the time spent for written discovery (43.5 hours) and the time spent preparing for trial (95.3 hours), are excessive on their face.

In support of its assertion that Plaintiff's fees should be further discounted, Defendants point to the Supreme Court's decision in Hensley and subsequent Sixth Circuit cases such as Moore which indicate that "the attorney seeking compensation retains the burden of documenting the number of hours spent on the case and maintaining records in a way that would allow a court to determine how much time was spent on each claim." (Docket Entry No. 51 at 6 (quoting, Moore, 355 F.3d at 566)). While that is true, the Supreme Court also observed in Hensley that "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended," but rather "should identify the general subject matter of his time expenditures." Hensley, 461 U.S. at 437 n.12.

7

Even brief descriptions of the tasks completed may be sufficient since counsel's billing entries should be "read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation[.]" Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 554 (6th Cir. 2008), with the ultimate question being whether the records submitted in support of a fee request sufficiently allow the court to determine the time allotted by Plaintiff's attorney to specific tasks and the reasonableness of that time.

Here, counsel's time records are sufficient for the Court to determine how time was spent and, for the most part, identify the general subject matter of time expended. To the extent that any time entries may be viewed as deficient, the proposed reduction by Plaintiff's counsel adequately accounts for those deficiencies. Moreover, counsel in his affidavit represents that "at least eighty percent (80%) of my time was spent on the facts and legal issues related to the amount of salary agreed to, how to establish the number of hours of overtime worked, the exemptions claimed by Defendants, whether Robert Blair was an employer under the FLSA, and willfulness/good faith." (McNammee Aff. ¶ 10). These were issues upon which Plaintiff prevailed, and the Court has no reason to doubt counsel's representations.

As Defendants suggest, a few of counsel's time entries may be viewed as excessive on their face. However, Plaintiff's counsel readily admits as much and because of that and the lack of success on some claims, counsel unilaterally reduced his fee request by 60%. This is an appropriate method to account for excessive time and, based upon this Court's thorough review of the time records, a 60% reduction is sufficient in this case. See, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008)(an hour-by-hour analysis of a fee request is not required, but instead a court may apply an across-the-board reduction of the requested compensable hours); Luciano v. Olsten

8

Case 3:07-cv-00955 Document 53 Filed 08/29/09 Page 8 of 9 PageID #: 353

Corp. 109 F.3d 111, 117 (2d Cir. 1997)("a district court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours").

In sum, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435. Given the circumstances of this case and based upon the records submitted by counsel, the Court finds that $50,000 is a reasonable and compensatory attorney's fee award.

## II. CONCLUSION

In accordance with the foregoing, Plaintiff's "Motion for Attorney Fees and Expenses" (Docket Entry No. 46) will be granted and Plaintiff will be awarded $50,000 in attorney's fees.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE